UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRAIG ADOLPH and ) | |
| STATE OF INDIANA ex rel. ) | |
| CRAIG ADOLPH, ) | |
| Plaintiffs, ) | |
| ) | 1:09-cv-1396-SEB-TAB |
| vs. ) | |
| ) | |
| THE INDIANA GAMING COMMISSION, ) | |
| et al., ) | |
| Defendants. | |

**ORDER**

Pending in this qui tam action are motions from both sides to strike the appearances of the other side's attorneys. [Docket Nos. 18, 44.] Also pending is Plaintiffs' motion for leave to amend their complaint. [Docket No. 54.]

  A.   *Appearances of Lenkowsky and Odgen*

The State of Indiana moves to strike the appearances of attorneys Adam Lenkowsky and Paul Ogden on its behalf.[1] [Docket No. 18.] On December 3, 2009, Lenkowsky appeared "on behalf of the State of Indiana and Craig Adolph"; Ogden did the same December 30. [Docket Nos. 10, 22.] The State argues that a relator's counsel may not appear on behalf of the State because "[t]he Attorney General has exclusive power and right in most instances to represent the State, its agencies and officers, and the agencies and officers may not hire outside counsel unless the Attorney General has consented in writing." [Docket No. 19 at 1 (quoting *Banta v. Clark*, 398 N.E.2d 692, 693 (Ind. Ct. App. 1979)).] Plaintiffs respond that Lenkowsky and Ogden

---

[1] The State also moves to strike the appearance of Mark Robbins. Robbins has since withdrawn from this case, making the State's motion moot as to him. [Docket No. 65.]

"became representatives of the State of Indiana by operation of law." [Docket No. 23 at 1 (citing Ind. Code § 5-11-5.5-4).]

As the State points out, *qui tam* is short for *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, meaning "who as well for the king as for himself sues in this matter." *Black's Law Dictionary* (8th ed. 2004). Although suing on the State's behalf, a qui tam plaintiff does not become the State, so private attorneys may not appear on its behalf. Moreover, the false claims statute explicitly provides that the State may "elect to intervene," and if it does, it shall be represented by the Attorney General. I.C. § 5-11-5.5-4. Because Lenkowsky and Ogden are private attorneys, they may not appear for the State, and the State's motion to strike Lenkowsky's and Ogden's appearances for the State is granted.[2] [Docket No. 18.]

   B.   *Appearances of Beaver and Arthur*

Plaintiffs' motion to strike follows a similar theme. Deputy Attorneys General Eric Beaver and David Arthur filed appearances on behalf of the State in December 2009 and on behalf of Defendant Ernest Yelton in April 2010. Plaintiffs argue that Beaver and Arthur may not continue with both representations because they would be representing both a plaintiff and a defendant in the same case. [Docket No. 44 at 1.] Yelton responds that—notwithstanding the electronic docket's listing of the State as a Plaintiff—the State is not a party to this case because it declined to intervene, and Beaver and Arthur appeared merely to access the docket. [Docket No. 46 at 1, 3.] Yelton further explains that Beaver and Arthur did not appear on behalf of the

---

[2]The Court also observes that qui tam plaintiffs' attorneys typically do not appear "on behalf of the State of Indiana." Instead, they appear "on behalf of" the State or federal government "ex rel." the individual plaintiff. *E.g.*, *United States ex rel. Small v. State of Indiana*, No. 1:06-cv-1390-RLY-TAB ("on behalf of United States of America ex rel James Garrett Small") [Docket No. 24].

"plaintiff" State of Indiana, but instead as the "State of Indiana with no party designation." *Id.* at 3.

Even though a qui tam complaint invokes the State's name, that does not make the State a party. The Supreme Court of the United States recently made this point in *United States ex rel. Eisenstein v. City of New York*, 129 S.Ct. 2230 (2009), a federal false claims case. The Court explained:

> A party to litigation is one by or against whom a lawsuit is brought. An individual may also become a party to a lawsuit by intervening in the action. . . . The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit. . . . The United States, therefore, is a "party" to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.
>
> * * *
>
> We likewise reject petitioner's related claim that the United States' party status for purposes of Rule 4(a)(1)(B) is controlled by the statutory requirement that an FCA action be "brought in the name of the Government." A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action.

*Id.* at 2234–35 (internal quotations and citations omitted). Because Indiana's false claims act mirrors its federal counterpart in all material respects, *Kuhn v. Laporte County Comprehensive Mental Health Council*, No. 3:06-cv-317 CAN, 2008 WL 4099883, at *3 n.1 (N.D. Ind. Sept. 4, 2008), the Supreme Court's analysis leads to the result that the State of Indiana is not a party to a qui tam action when it declines to intervene. Plaintiffs' argument that Beaver's and Arthur's representation of Yelton creates an impermissible conflict therefore fails.

Plaintiffs also argue that because they were required to open their files to the Attorney General, permitting the Attorney General's office to represent Yelton would breach the attorney-client privilege and possibly standards of professional conduct. [Docket No. 44 at 2.] Yelton

responds that Plaintiffs disclosed nothing that they would not have disclosed during initial disclosures—a point to which Plaintiffs do not respond. Because the State is not a party and there is no evidence that Beaver and Arthur accessed privileged documents, their representation of Yelton is permissible, and the Court denies Plaintiffs' motion to strike their appearances. [Docket No. 44.]

    C.    *Motion for leave to amend complaint*

Finally, Plaintiffs move for leave to amend their first amended complaint. [Docket No. 54.] Plaintiffs assert that their proposed amendments are not substantive but merely adjust the claims to reflect the dismissal of some Defendants. [*Id.* at ¶ 2.] Yelton opposes Plaintiffs' motion. [Docket No. 58.] He argues that the time has passed for amendment as a matter of course, and amendment would require him to spend significant time changing the citations to the complaint in his motion to dismiss.[3] [*Id.* at 4.]

Plaintiffs' proposed amendments simply tidy up references to dismissed Defendants, so Plaintiffs' motion for leave to amend is granted. [Docket No. 54.] The amended complaint submitted as an exhibit to Docket No. 56 shall be deemed filed as of the date of this order.

---

[3]Yelton also argues that the amendments would be futile. Because Yelton's arguments regarding futility are the same ones raised in his pending motion to dismiss, the Magistrate Judge will not address them.

The Court does not anticipate that these minimal changes will affect the substance of Yelton's motion to dismiss. Yelton shall notify the Court within fourteen days whether any supplementation is necessary, and he need not rebrief his motion to dismiss merely to adjust citations by a paragraph here or there.

Dated: 08/30/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com